Let's take up the next case, Webb v. Maclin. Argument for the appellate. We are here about a legal malpractice claim that we filed on behalf of Mr. Webb over two sales of barbecue restaurants. And the liability, we are alleging both, is errors in the way the transactions occurred. One, there was no personal guarantee of the members of the LLC that purchased it. And the restriction in the contract on resale did not bar the LLC from selling its stock to someone else. Effectively wiping out the effectiveness of a clause of giving the seller, Mr. Webb, the opportunity to block a sale to a party or parties who were not financially equipped to continue operating the restaurant. In the other case, there was a failure to record a second mortgage as part of the transaction. The effect that the bank extended additional credit thereafter and his rights, which would have been superior to the second and third extension of credit, did not occur. Mr. Ripplinger, could you, you know, I apologize, but I think so many of us have read the factual basis. Could you discuss the statute of limitations issue? I'm very interested in that and the statute of repose. The statute of limitations issue in legal malpractice claims is anything but clear. I think you can find a case for a number of different times when the statute of limitations would begin to run. And in this case, we're looking at a situation where, in general, the statute of limitations had expired. However, the statute of limitations is an affirmative defense that can be waived. In this case, we believe that the statute of limitations was waived when Mr. Macklin filed a lawsuit to recollect his fees for both of these transactions. Is there any law on that specific issue? That is, when an attorney files a counterclaim, that that somehow waives the statute of limitations? I believe 735 ILCS 513-207 is the statute which we're talking about. And that specifically provides that where a party filed a lawsuit and it opens up the statute of limitations, the waiver of the statute of limitations, any counterclaim that can be filed against. I'm sorry. What's the last part of the number 5 slash what? 5 slash 13-207. The distinction that Macklin is trying to make in this case is saying that that only applies if he were to sue first. However, I think that distinction is not supported by any case law. In fact, when a counterclaim is filed, and we cited a case on that, the counterclaim is not plaintiff, per se, and therefore fits within the definition of 735 ILCS 513-207. We also maintain that that reopened count two, which is the account on the sale restriction, which had been ruled to be barred by statute of limitations by the court and dismissed it. We filed a motion to amend and reinstate that as a result of the suit being filed by Mr. Macklin for his fees in both transactions. Where we get into an issue, I think, is the distinction between statute of repose and statute of limitations, and I think that arises primarily in what we attempted to do as count two, which was the sale, the restriction sale of the coin store to the LLC. Again, where does statute of repose begin to run? And there are cases holding several different ways. However, in this case, I think that our position is that Mr. Macklin established when that began to run by his suit. He filed suit claiming in the Tuttle case, the Carbondale store, that he provided, his last services he provided was 216-12, and the decoying sale, the last services he provided was 119-10. That was a bill that he relied upon in his lawsuits, and we believe the best case to rely on is the one that says that the statute of repose does not begin to run until the lawyer completes the representation. In this case, he listed in his bill that it was representation for the sale of these two businesses, and the last representation was the last thing that he billed on, and that it would run from 216-12 on the Carbondale store, and from 119-10 on the decoying store. That means that we filed our lawsuit within the statute of repose. On both transactions? Correct. One was over. We filed our lawsuit on 10-4-12, so it would have been within a very short time of the Carbondale store, and a much longer time, obviously, but also less than six years. Now, another way of looking at it would be when the contract which is complained of occurs, that's another factor of the case law in that respect. If that was one of the five here, we'd have to admit that that was a foot past the statute of repose, at least as to the decoying store. And then the other one we have is that 735-ISCS-5-13-207 should apply even to a statute of repose. Now, the cons of the fact that generally the law has been that a statute of repose and a statute of limitations are different creatures, and where a statute, and again, 13-207 specifically refers to a statute of limitations, a strict reading of that would say it wouldn't apply to a statute of repose. However, I believe the distinction that's been made between a statute of repose and a statute of limitations is somewhat meaningless. For example, if this were contract actions, there would be no statute of repose. The only time you see a statute of repose is when there's a discovery rule applies to the statute of limitations. A statute of limitations without the discovery rule ends the cause of action in that period of time. So, for example, you have to breach a contract 10 years for a written contract. All a statute of repose does is make a statute of limitations with a discovery rule end. It has no greater effect than the statute of limitations would have in a non-discovery statute of limitations. In your pleadings, do you file this strictly as a legal malpractice action, or is there a breach of contract action in your pleadings? It's a legal malpractice action. It could be looked upon as a breach of contract, but again, the courts have ruled pretty uniformly that whether you bring it in contract or tort, the statute of limitations that applies is the specific one for legal malpractice. So it seems to me that a lot of your case hinges on the letter. I call it the letter. The letter. And the letter gets to the point of mainly on the affirmative or the total matter. Because that's the only thing that applies to, is whether or not we should have been allowed to allege equitable estoppel, and whether or not the court could have issued a summary judgment it did without sending it to the fact finder. Normally, whether or not a cause of action is continued because of equitable estoppel is a question for the fact finder or the jury to handle the case. So that's another part of the argument. At least as to the Department of Justice. That we should have been allowed to go to trial on the question of whether there was equitable estoppel. Lots of issues in those areas. The other issue as far as the M&J, LLC cases on when the statute of limitations begins to run is whether or not there was damage. And there was no damage in that until after they had sold it. After they sold their interest in the LLCs. Correct.   As the contract required until the payment ceased in March of 2010. That was the first damage that occurred to Mr. Webb as a result of that sale. Again, that would bring it within six years of the statute of limitations. In fact, they were back to the waiver based upon the filing of complaints for attorney's fees in both cases. Anyway, the Carbondale case is much clearer than the Du Quoin case. But I believe we should have at least been allowed to go forward on the question of equitable estoppel rather than issuing a summary judgment. And we believe that 513-207 saves our cases as a result of the waiver by filing the complaints. And the dates of last service alleged in those counterclaims of 216-12 and 119-10. In which case we should be both passed, both filed within the statute of repose. And the waiver as a result of filing that waiver statute. So do you think that the counterclaim can be used as an argument to waive the statute of repose? Is that the argument you're making or not?  Simply because the purpose, again, looking at the purpose of 13-207 is fairness. Something that the law doesn't always necessarily be too concerned about. But in this case, it says that if you're sued past the statute of limitations, that waives it so that you can have a full hearing on the claims of both parties. And if we hold that it doesn't apply to the statute of repose, then we have a class of people who can't really do that. Well, the statute of limitations, it seems to me that the counterclaim is filed because you don't pay fees for things that aren't done correctly. Well, and that's the point. The point is you shouldn't be able to collect the fees when you've messed the whole thing up. Right. And if you hold it with the statute of repose in there, it defeats the purpose of the statute, saying both sides should be able to talk about what happened in that case. Both sides should be able to present their case and the court or the jury to decide whether or not he deserves to be paid and whether or not the client deserves to be paid for the same transaction. And the reason I keep going after this is I could not find a case that's talked about the statute of repose with a counterclaim. And yet the philosophy of you don't pay for work that was kind of screwed up, assuming that's true, it seems from a fundamental fairness point of view that the argument would be the same. Well, we did set a Supreme Court case in here which talked about what is a counterclaim. Essentially they're saying that what they said was that a counterclaim is a claim. And if you look at it that way, then it shouldn't matter who sues first. But that didn't deal with waiving the statute of repose, did it? No, it did not. Okay. I mean, you've not found a case that talks about that, have you? There is one case which we cited which is against us, actually. I don't think it's the only case. There's a Supreme Court case in here. Which one works against you? Berrigan. The one that works against us is Johnson v. Corbin. There's a distinguishing decision of the Supreme Court, Berrigan v. Casper Design, which talks about it not applying in a medical malpractice claim because there was such a horrible crisis in medical malpractice claims that the legislature was hoping to deal with and that if it had been something else, i.e. it could have been a medical malpractice, that the Johnson court may have ruled otherwise. Now, that's about as close as I can come to finding some distinguishable feature. The Supreme Court thinks that it may have been different if it had been anything other than a medical malpractice claim. Then I think the door is open to this court to do justice and give the statute the effect it was intended to have, which is to give both sides to a transaction the opportunity to present their claims as to who did the job and who didn't do the job, and whether or not it should be paid for. Thank you, counsel. Thank you. Argument for the appellate. I'm representing the defendant appellee here, Mr. Mapple. This is a very simple and straightforward case. I'm glad you think so. Pardon me, Your Honor? I said I'm glad you think so. I think it is simple and straightforward. In an effort to evade the statute of limitations, they've tried to turn it into a very complex and difficult case. But the truth be told, it's a very, very simple case. It involves really what's before the court. It involves one particular thing. It involves a sale of a place called Larry's Pit Barbecue in Carbondale on October 19, 2004. Obviously, that's almost 50 and a half years ago. It also initially involved the sale of another Larry's Pit Barbecue in Des Moines in September of 2005. Once again, we're talking a period of over, in this case, over 11 years. So on the face of it, it seems the second one was contract for deed and the first one was mortgage. The malpractice really alleged here relates to the first claim. But before I address that for a minute, I just want to say, both these claims are obviously barred by the statute of limitations, if you just look at it on the face. Two years, and by the statute of limitations, six years. There's no question about that on the face of it. Because that is true, we brought a motion to dismiss on the grounds that these claims are far outside the statute of limitations and outside the statute of proposals. We prevailed on that additional motion to dismiss. The claim was dismissed. They were given leave to amend. They went ahead and filed an amended complaint. The amended complaint related only to the Carbondale store. It did not relate to the Des Moines store. And everything that went forward, and everything that's before the court now, relates to the Carbondale store, except the motion to file a second amended complaint. So we're always talking here about the Carbondale store. Now, their claim basically was several folds. But one was that the claim about the Carbondale store was really not outside the statute of limitations because the malpractice was not discovered until 2011. And this complaint, as you heard, was filed in 2012. Now, that's based on some recitations from a new attorney and things like that. What? Based on recitations from a new attorney. At some point, Mr. Webb, he continued to retain Mr. Macklin as his attorney up until somewhere in 2010 or 2011, up until 2011. At some point, he chose to fire Mr. Macklin and retain a new attorney. And initially, he claimed that he learned of the malpractice only when he hired that new attorney in 2011. And then he filed a claim in 2012. So that's only one year, more or less. And so it was within the statute of limitations. The malpractice consisted basically, according to the plaintiff, of not filing a mortgage in this case. My client was to draft and file a mortgage. My client gave those things to the plaintiff to file. Somehow, they never got filed. So the claim here was that that duty belonged to my client and it was never performed. Right? Now you're getting into the factual dispute. Yeah, and I'm sorry. I strayed there. I knew I did stray for a second, but I wanted to make clear what the issue is. So the issue is the non-filing of the mortgage. That's the basic claim on which this malpractice claim related to the Carbondale stores is filed. Plenty of the claims in the second complaint that he had not learned of that except when he consulted the second attorney in 2011. We moved again to dismiss the claim because of the violations of the statute of limitations and the statute of repose. Our motion was denied because the 2011 to 2012 did not exceed the two years. It then turns out in the course of discovery that we learned about the May 20th letter, which I think your Honor was alluding to earlier. The May 20th letter was written by my client, Mr. Mathlin, May 20th, 2010 letter, okay, 2010. That letter was written by my client, Mr. Mathlin, to Mr. Webb, telling him that he had learned that the mortgage had never been recorded. And he didn't say why it hadn't been. It simply said it hadn't been recorded. But that nonetheless, he had a contractual remedy because there was a contract for sale. I buy a property. We enter from you. We have a contract. I'm going to pay you money. In exchange, I get the property. Yeah, but there's no security. The mortgage is simply secured. But that doesn't vitiate the contract. The contract is still there. It's still an enforceable contract. I may not have a mortgage, but I still owe you the money. We can't get around that. I mean, there's a valid debt, and I'm obligated legally to pay off that valid debt. The question then becomes with the letter is whether that letter is significant to put the client on notice that there's a problem. As opposed to it being, as you described it, where, you know, it's really not a problem, you still have a contract. Well, and the letter said, though, that it was not recorded. But the significance of the non-recording, is that a factual determination? There are two things I say about that, Sharon. First, that was never raised when we vacated, when the first motion to deny our motion to dismiss, when that order was vacated, that argument was never raised, okay? It was only raised for the first time on appeal. It was raised for the first time on appeal? Yes, yes, ma'am. For the first time on appeal. And I would argue, therefore, that that argument was completely wasted, because it was never raised until this appeal came along. Now the argument is exactly what Your Honor said, that telling him that this was not recorded did not convey to him enough information, because it didn't tell him the legal consequences of non-recording. I will suggest, Your Honor, that that argument has no merit whatsoever, because if I have to explain the legal significance of what I tell you, if you plead guilty, the court's going to enter judgment and it's going to sentence you under the law. Now, do I have to explain? Excuse me. Since you have such limited time, I have some questions floating in my head. Now you're arguing facts. See, and the question in my mind is, now we have to decide a legal issue here. And so as you stray into the facts, it leads me to believe that there are these factual arguments. No, I don't believe there are factual arguments, Your Honor. Okay, I know you don't believe that. Mr. Ripplinger doesn't believe that. But my questions are really aimed at statute of limitations. Okay. When did you file a counterclaim? When did we file a counterclaim? When did you all file a counterclaim on this 2012 complaint? Was that immediately? No, ma'am. It was about a year later. So prior to the dismissal? Prior to the dismissal of after. I'm trying to think of the exact date. Both claims were initially dismissed on the statute of limitations. Yeah, it was initially dismissed. And then after we filed a second complaint, in response to that, too, we filed a counterclaim. Okay, so Mr. Ripplinger was granted leave to amend his complaint after that first dismissal. And then once that was filed, it was related to the Carbondale store only. Right. You all filed a counterclaim. That's correct. For fees. For what? For fees. Attorney fees. Yes, for legal fees. That's correct, Your Honor. And that's the claim. And you don't believe that that counterclaim waives the statute of limitations issue? Well, that seems to be their argument. And I would suggest that that's without merit. And the reason it's without merit is a very simple one. It's the way in which the statute is worded. It says a defendant may plead or set off a counterclaim barred by the statute of limitations by health and by him or her to any action, the cause of which was owned by the plaintiff or person. This is before any such claim was so barred. And it's kind of a convoluted statute. But what it means is this. And the statute is inapplicable in our case for one very simple reason.  The defendant did not plead a counterclaim that was barred by a statute of limitations. An example, Your Honor, would be this. Let us say I had a claim against you that had a six-year statute of limitations. You had a claim against me that had a two-year statute of limitations. Neither one of us brings an action against the other within two years. You've obviously never planned to visit two years rust. I plan on it, but I'm going to wait until your two years has run out. Then, after your two years has run out, I bring the action against you, and you can't bring your counterclaim because it's barred by a statute of limitations. This statute is designed to prevent that scenario because that's obviously unfair. I took advantage of the situation. I sued you when you agreed to defend yourself anymore, and this statute allows you to defend yourself. But the same is true in a malpractice case because the contract that you're suing on for fees is a fee contract that has a statute of limitations of, what, ten years? Yes. And now you have Mr. Ripplinger's client in a position where he has only a two— exactly what you described, a two-year statute of limitations for attorney malpractice. So he hasn't filed within the two years. Well, he's trying to turn the— You can't wait to file your ten-year statute, and yet that's exactly what happened here, isn't it? No. He's trying to turn the statute on its head. The Barringer case, on which he heavily relies, talks about this statute does not benefit the person who makes the first strike. That was him. And that's the conundrum I have. You're exactly right. And I think the law is pretty clear. All these cases that I cite in my brief, and the Barringer case particularly because that's an Illinois Supreme Court case, make it clear the statute and Judge Salveson's order said it doesn't benefit the person who makes the first strike. He's the person who makes the first strike. We bring a counterclaim. He cannot now turn that around and use that counterclaim as a predicate to bring this action. And that, I would argue, is quite clear when you go through these cases of any—I forget the name of the other one. Maybe Morrill and Barringer, the Illinois Supreme Court case. So it doesn't work in that fashion. He can't use that statute in this way, and the statute has no applicability whatever to this situation. It obviously has no applicability as to the statute of repose, and the reason is simple, because the statute never speaks to statutes of repose. It speaks only to statutes of limitation. And a statute of repose is something very different. A statute of repose is designed, as you know, to put the matter to rest for all time. Statute of limitation, well, the matter can still be discovered. God knows how long after the event, and it wouldn't be barred necessarily by a statute of limitation, but the statute of repose says, is we're going to lay this to rest for a long time. And that brings me to another argument that I'd like to just address quickly in my remaining time. I assume I have some remaining time. Counsel, let me ask you one quick question. Back to that May 20, 2010 letter. Yes. The trial court found that discovery of the cause of action was made by that May 20, 2010 letter. Correct. Was that contested fact in the motion? No, it was never a contested fact. It wasn't apparent at the first hearing. It wasn't apparent. After the first hearing, you got some of the discovery revealed. He admitted in one of his answers that there was that letter that had been received. So the plaintiff appellate did not contest that genuine issue? He does not contest that that letter exists and was received. The only thing he contests, for the first time on appeal, which he'd never raised before, is that he could not benefit from the letter apparently because he did not know what information those words tried to convey. And, again, I would suggest that's a specious argument. Because that would make it impossible for me to say anything to any client out of fear that I would have to explain the meaning of the word. I mean, do I have to explain the meaning of the word mortgage? Do I have to explain the meaning of the word mortgage? Let me ask you about that argument because you basically got a lawyer writing to his client, who's a layperson, saying, well, we're blocked on Avenue A. But you've still got this other way, this other remedy. So a rational, reasonable client who can read basically says, okay, we've got a roadblock, but my lawyer has found a detour around it. How is that reasonable notice to examine further when his attorney has posed a situation and then said, but you have, in the facts of these circumstances, a way around it and we're still going? How does that constitute reasonable notice to discover whether malpractice has, in fact, occurred and he's been injured thereby? Well, because we've got here this individual, Mr. Webb, is a businessman. I'm sorry. Say that again, please. Say it louder, please. I'm sorry. I couldn't hear you. Mr. Webb, this individual here, the plaintiff, he's a businessman. He's not a person randomly selected off the street. He knows that a mortgage, he asks that a mortgage be written and that a mortgage be recorded to support his debt. But he also knows the import of a contract and knows that a contract can be enforced being a reasonably prudent businessman, doesn't he? Well, you should know a contract can be enforced.  That's the nature of a contract. So, I mean, basically what he was told is you don't have the protection of a mortgage, you don't have a secure transaction anymore, but you still have a debt, a legal debt that's owed to you. And as a reasonably knowledgeable businessman, he should know exactly what that means. That it's no different from when you buy a house and if you don't have a mortgage, you just owe the money. It would be the same thing. I think it might not convey enough information, perhaps, to a randomly selected individual on the street. But with a high school education, I would suggest that it would in most cases. I think most ordinary folks would understand. But to this man, I think it did convey enough information. And if it didn't convey enough information, he should have asked. I mean, if I hear something, if you ask me a question, I ask you to repeat it so I understand what you're asking. Sure. So I would say the same thing applies here. The one last thing I'd say, Your Honor, is they make this argument about equitable estoppel or whatever they say. That somehow Mr. Macklin concealed the cause of action and they didn't bring a suit when they might have brought a suit. I would submit, Your Honor, that that's simply fallacious. But it's also irrelevant. Because, one, they don't plead the elements. That's clear. That's what Judge Stalvus has found. But more fundamentally, the letter was dated May 20th, 2010, as we've seen. The transaction at that point was within six years of the letter. They had at least five months before the statute of repose ran to bring a cause of action. They did not bring the cause of action. They could have brought it, but they chose not to bring it. And it seems to me the case law supports it, including that very recent case I cite, Lament v. Lemon. The case law makes it clear that when you had the opportunity within the statute to bring the suit, you cannot claim now equitable estoppel or fraudulent concealment or something along those lines. Because you had the chance. You weren't denied your chance. You had a chance for a reasonable period of time. The test was at a reasonable period of time. And you chose not to take advantage of that opportunity. So you can't now turn around and make this kind of a claim. So I think that claim is lost, apart from the fact that the elements are not pleaded, as Judge Salverson pointed out. The last issue in this, if I could be real quick, Your Honor, with the last issue is the motion that he brought after we filed for summary judgment, after he knew he was going to lose, in my opinion. The motion he brought to file a second amended complaint. That motion was denied. And I think that's an easy call. It's a discretion call for the trial court. The Loyola Academy case makes clear the four relevant factors to be considered. Did it cure a defect in the pleading? It was the exact same thing as he had filed initially 500 days previously. So I would argue it didn't cure a defect in the pleading. So Judge Salverson said he might have that argument. The question then, was it filed in a timely fashion? Well, it was 500 days after he was given the leave to amend before he ever filed. I would never – I don't see how you could argue that that was timed. Was it – were there prior opportunities to amend? Of course there were prior opportunities to amend. They filed a first amended complaint and did not include count two. And now they filed a second complaint and throw it in there. Did any discovery go on during those 500 days or did people just sit on their hands? Yeah, discovery did go on, Your Honor. So during the 500 days, I think you're suggesting that nothing happened. Is that true or not true? That would be my contention, Your Honor, that nothing happened that changed the legal aspect. No discovery was going on, nothing was – Very little discovery went on. There were some interrogatories and things, but – And did you answer them timely? We answered them as today. Everybody did what they – I mean, did everybody comply with the 30-day rule? So the 500 days – I remember making a motion to compel at one point. So people weren't filing in timely fashion and there were things going on in the 500 days. There were things going on, but – Go ahead. But basically my point would be that there were things going on. There wasn't a lot of discovery. There were no depositions or anything. But the important thing is, is that nothing changed the legal landscape. That's the important thing. And, of course, that 500 days after a motion for some adjustment, yes, I would argue there's some prejudice in that. Thank you, Your Honor. Thank you, counsel. Reba? Counsel seems to think that the statute only applies if you're a defendant in a direct action, not in a counterclaim. But it's a distinction without a difference. The person who brings a counterclaim is the plaintiff, the court. And the decision – the Bergen decision makes that clear. And the statute should apply if the plaintiff in a counterclaim is considered a plaintiff. It's the same thing. It's waiting until the end. And I'll point out, as far as when things happen, the counterclaim in this case was filed on February 18th of 2014. It was filed two years after we filed our complaint in this case. And after count two had been dismissed for what is now the statute of limitations. I think it's a distinction without a difference. And to say that Mr. Webb was a sophisticated businessman, first off, that's a factual contention that has to be cleared now. Not to have been raised here and couldn't be raised here. But there are businessmen and there are businessmen. This guy had a successful barbecue stand. I don't think that makes him the equivalent of president of a pork and butter company. It's the same distinction of sophistication. And that's something to be taken up at trial. And that's our whole point about that defense, the act of holostomics. It's a factual decision to be made by the trial effect in the case of jury, not by a judge issuing a judgment. All right. Thank you, counsel, for your arguments, your briefs. We'll take this matter under advisement. And we're going to take a recess before we call the next case set at 10. So we'll take a short recess.